UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**,

    Plaintiff,

    v.                                    Case No.: 18-CR-94

**ADAM J. WESTPHAL**,

    Defendant.

---

### DEFENDANT'S SENTENCING MEMORANDUM
### PURSUANT TO 18 U.S.C. SEC. 3553(a)

---

### INTRODUCTION

Now comes the defendant, Adam J. Westphal, through the undersigned counsel, Christopher J. Cherella, and hereby provides the following sentence memorandum pursuant to 18 U.S.C. 3553(a).

### ARGUMENT

Mr. Westphal is presently facing sentencing on an offense for which the advisory guidelines call for a extremely lengthy prison sentence. Should the Court accept the Presentence Report's recommendation, the applicable advisory guideline computation for Mr. Westphal is *262 - 327 months*. The government is recommending a sentence of 240 months. Mr. Westphal respectfully recommends a sentence of the mandatory minimum of 180 months with 5 years Supervised Release.

The rationale for this request is set forth herein.

    **I.**    **General Discussion**

A. <u>Offense and Timeliness of Plea</u>: The facts are set forth in detail in the Plea Agreement and Presentence Report. There is no possible way to sugar coat the facts for the Court. What is of importance is that Mr. Westphal readily pled guilty and took full responsibility for his actions. There was no delay in the proceedings as he agreed to resolve the case very early on in the process.

B. <u>Prior Record</u>: Mr. Westphal has a limited and dated prior criminal record. The only blemishes found in his past are a Disorderly Conduct dating back to 1995 and a Possession of Marijuana conviction from 2011. Other than a matter that was referred to the juvenile authorities in 1994, there are no other police contacts in his lifetime. For the most part, Mr. Westphal had led a crime-free life.

C. <u>Education and Work History</u>: Mr. Westphal provided information that he received a HSED from MATC. Although the PSR suggests that this could not be confirmed, he maintains that such is the case. His statements to the PSR writer appeared unwavering at the time of the PSR interview.

His work history also shows that between April of 2005 and October of 2011 and between August 2013 and April of 2018 he was gainfully employed. Though the PSR writer does goes out of his way to inform this Court of the negatives that led to his loss of the job in 2001 and what Frantl Industries thought of him upon his arrest on this case, the fact of the matter is that Mr. Westphal was consistently working during the above time frames.

**II.     The need for the sentence imposed**

The law states that the sentence should be imposed:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

The advisory guideline ranges for any type of child sex offense are always extremely high. The truth is that there does not appear to be any empirical data suggesting how or why Congress made the offense levels so high. More importantly, there does not appear to be any data showing how or why the specific offense characteristics were put together by Congress.

The reality of the present case before the Court is that an individual with limited contacts with the criminal justice system is facing years in prison beyond the exposure of most offenses outside of homicide. Not to diminish the offense before the Court, but this is more or less an attempt offense. There appears to be no evidence to suggest that Mr. Westphal ever actually perpetrated an offense against a minor at any time in his life prior to his arrest in this matter.

The undersigned counsel is attaching a copy of a Seton Hall University document discussing the application of the Sentencing Guidelines to offenses of the type for which Mr. Westphal is facing sentence. This was one of the best recent articles that the undersigned counsel could find on the issue. Although somewhat lengthy, it does a very good job of going through the rationalization for a departure downward from the advisory guideline ranges that tend to be so high in this area of criminal law.

As set forth above, the advisory guideline range for Mr. Westphal is quite high. The government understands the same and is making a prison recommendation below that range.

3

Though the difference between 15 and 20 years is quite significant, the need for punishment and rehabilitation given the nature of this offense does not justify the excess 5 years of confinement.

## **CONCLUSION**

Based upon the arguments made in this Sentencing Memorandum and those to be made at the sentencing hearing, Mr. Westphal moves the Court for the relief requested herein.

Respectfully submitted this 22nd day of October, 2018

LAW OFFICES OF CHRISTOPHER J. CHERELLA
Attorneys for Adam J. Westphal


/s/  *Christopher J. Cherella*
By:_____
    Christopher J. Cherella
    State Bar No.: 1000427


**P.O. ADDRESS:**
111 E. Wisconsin Ave.
Suite 1925
Milwaukee, WI 53202
(414) 347-9334

4